*496 On Application for Rehearing.
Bermudez, O. J.
The ground upon which Hernandez, the real plaintiff, claimed to-be paid as a privilege and mortgage creditor, was that he had purchased the two notes: that of $1000 from the Oanal Bank, and that of $800 from the Citizens’ Bank.
He contended that, as he had been authorized by the Board of Directors of the defendant company, and, as he had invested his own funds in taking up the notes, he had acquired them.
This court held, that there had been no purchase; that although Hernandez may have intended to buy, neither of the banks intended to sell, and so, there was no transfer-or cession by sale.
In the application for a rehearing, it is now claimed by counsel for Hernandez, that, as he was a creditor of the company and paid with his money, he was legally subrogated.
This is an inadmissible shifting of positions.
In his original brief, counsel for Hernandez distinctly said that “the doctrine of payment with subrogation does not obtain herein, for no such intent is manifest from the evidence; but on the contrary, a purchase as a ‘personal investment’ by Hernandez, with consent of defendant, and so ratified.” Page 6, No. 6.
How can Hernandez, after thus peremptorily repudiating the theory of no subrogation opposed to him and proclaiming that his rights flowed from a purchase, made with the debtor’s consent, now claim that he was a creditor and because such creditor, was subrogated.
Had Hernandez originally claimed and shown that he was a creditor before the acquisition by him of the two notes or of the last one, quite a different case would have been presented, for it is distinctly provided by law, that “subrogation takes place of right for the benefit of him who being himself a creditor pays another creditor whose claim is preferable to his by reason of his privileges and mortgages.” R. O. O. 2161, Sec. 1.
This is so true that courts and commentators agree that such subrogation takes place even in favor of an ordinary creditor. O. N. 1551; Gilbert, p. 453, No. 3.
The authorities there compiled are to the effect, indeed, that the benefit of the legal subrogation established in favor of him who, being himself a creditor, pays another creditor, who is preferable to him, by reason of his privileges and mortgages, can be claimed, as well as by a simple ordinary creditor (ehirographaire) as by a privilege or *497 mortgage creditor. See besides Marcadé, Vol. 2, p. 719; Baudry Lacantinerie, Vol. 2, p. 733: Laurent, Vol. 18. p. 98; Larrombiere, Vol. 3, p. 304.
If Hernandez could have thus claimed and shown, he has not done it.
Litigants can not be permitted thus to play fast and loose.
Rehearing refused.